**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:19-cv-00109-KDB-DCK**

| | |
|---|---|
| **Urgent Care of Mountain View, PLLC,** <br><br> Plaintiff, <br><br> v. <br><br> **Intermedix Corporation,** <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss or, in the Alternative to Stay (Doc. No. 3). Defendant seeks dismissal on the grounds that the Court lacks subject matter jurisdiction pursuant to Rule 12 of the Federal Rules of Civil Procedure or a stay under the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 et seq. The Court has carefully considered the motion, the parties' briefs and exhibits and oral argument from the parties' counsel on February 4, 2020. Because the Court finds that the parties contractually agreed to arbitrate this dispute, the Court will **GRANT** the motion and the case will be stayed pending arbitration.

## I. LEGAL STANDARD

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(1) addresses whether the court has subject-matter jurisdiction to hear the dispute. See Fed. R. Civ. P. 12(b)(1). "Whether the parties have agreed to arbitrate their disputes is a jurisdictional question," and where all of the claims at issue in a lawsuit are arbitrable, the court may dismiss the lawsuit for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Wake Cnty. Bd. of Educ. v. Dow Roofing Sys., LLC*, 792 F. Supp. 2d 897, 900 (E.D.N.C. 2011); *see also Bhd. of Ry. & S.S. Clerks, Freight Handlers,*

1

*Express & Station Emp. v. Norfolk S. Ry. Co.*, 143 F.2d 1015, 1017 (4th Cir. 1944) ("Arbitration deprives the judiciary of jurisdiction over the particular controversy and the courts have long ruled that there must be strict adherence to the essential terms of the agreements to arbitrate."); *Choice Hotels Intern., Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable.").

Alternatively, where the claims at issue are arbitrable, a court may stay a lawsuit pending the parties' completion of arbitration. *See* 9 U.S.C. § 3 (mandating a stay of an action upon application of one of the parties and the court's satisfaction that the issues involved are referable to arbitration); *Silkworm Screen Printers, Inc. v. Abrams*, No. 91-1631, 1992 WL 317187, at *6 (4th Cir. Nov. 4, 1992) ("If the district court finds that [plaintiff] agreed to arbitrate . . . it may either dismiss [plaintiff's] complaint for lack of subject matter jurisdiction or stay its proceedings pending arbitration and consideration of the award pursuant to Article V of the Convention.").

Federal policy strongly favors arbitration, and the FAA represents "a liberal federal policy favoring arbitration agreements" and applies "to any arbitration agreement within the coverage of the [FAA]." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Under the FAA, a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. At the same time, it is well-settled that a "party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." *Levin v. Alms & Assocs., Inc.,* 634 F.3d 260, 266 (4th Cir.2011) (quotation omitted).

In order for federal district courts to compel parties to arbitrate under 9 U.S.C. § 4, four elements must be present: (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of

the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [a party] to arbitrate the dispute. *Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 84 (4th Cir. 2016); *see also Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc*. 807 F.3d 553, 563 (4th Cir. 2015).

The party seeking to compel arbitration must establish an agreement to arbitrate. *See In re Mercury Constr. Corp.,* 656 F.2d 933, 939 (4th Cir. 1981), *aff'd sub nom. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1 (1983). In determining whether the parties agreed to arbitrate, the Court looks to relevant state contract law principles. *Hill v. Peoplesoft USA, Inc*., 412 F.3d 540, 543 (4th Cir. 2005). Delaware law governs the Agreement at issue in this action. *See* Doc. 1-1, Ex. A at ¶ 12. Delaware law and public policy both favor arbitration of disputes, and in determining the applicability of an arbitration clause, "[t]he underlying question is 'whether the parties decided in the contract to submit a particular dispute to arbitration.'" *Carder v. Carl M. Freeman Communities, LLC*, No. CIV.A. 3319-VCP, 2009 WL 106510, at *3 (Del. Ch. Jan. 5, 2009) (quoting *James & Jackson, LLC v. Willie Gary, LLC*, 906 A.2d 76, 79 (Del. 2006)).

However, the issue of whether a party has complied with a condition precedent to arbitration is an issue of procedural arbitrability for an arbitrator, not the Court, to decide. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002); *Chorley Enters.*, 807 F.3d at 566 ("As the Supreme Court has recently re-affirmed, however, arbitrators— not courts—must decide whether a condition precedent to arbitrability has been fulfilled.") (*citing BG Group PLC v. Republic of Arg.*, 572 U.S. 25 (2014)); *United States ex rel. Red Hawk Contracting, Inc. v. MSK Constr., Inc*., No. 1:16CV1183, 2018 WL 2121625, at *2, n. 3 (M.D.N.C. May 8, 2018) ("The fulfillment of a condition precedent to arbitrability is a question for the arbitrator, not the court, and so this court declines to address whether [p]laintiff fulfilled this condition."); *James &*

*Jackson, LLC v. Willie Gary, LLC*, 906 A.2d 76, 79 (Del. 2006) ("The court presumes the parties intended courts to decide issues of substantive arbitrability. The opposite presumption applies to procedural arbitrability issues, such as waiver, or satisfaction of conditions precedent to arbitration.").

## II.   FACTS AND PROCEDURAL HISTORY

Plaintiff Urgent Care of Mountain View, PLLC ("UCMV") owns and operates urgent care facilities in North Carolina. Doc. 1-1 at 4, ¶ 8. Defendant Intermedix Corporation ("Intermedix") provides billing and other professional business services and related technology to physician practice groups like UCMV. *Id* at ¶ 9. On or about March 21, 2016, Intermedix and UCMV entered into a Master Services Agreement (the "Agreement"). *See Id.* at ¶ 10, Ex. A. Under the Agreement, Intermedix was to provide all bill coding, billing, self- pay claim submittals, third-party payer claim submittals, collections and appeals of insurance denials, among other services, to UCMV in exchange for a fee based on monies Intermedix collected. *Id*. at ¶ 14. The Agreement contains a Dispute Resolution provision containing an "Arbitration Clause," stating as follows:

> **20. DISPUTE RESOLUTION.** Both parties agree to attempt in good faith to resolve any dispute arising under or relating to this Agreement or any breach thereof by negotiation and consensus. If a resolution to the conflict is not achieved through the good faith negotiations of the parties within thirty (30) days, **any controversy, disagreement or dispute arising out of, or relating to, this Agreement, or breach thereof, shall be submitted to arbitration before a single arbitrator in Wilmington, Delaware, in accordance with the commercial arbitration rules of the American Arbitration Association.** If the parties are unable to agree on an arbitrator, the American Arbitration Association Wilmington, Delaware office shall select the arbitrator. The parties agree to be bound by the determination of the arbitrator.

*See* Doc. 1-1 at Ex. A, ¶ 20 (emphasis added).

UCMV describes the business issues between the parties as follows:

In or around December 2016, UCMV began experiencing cash flow issues. When they reached out to Intermedix they discovered that Intermedix had allowed UCMV's accounts receivable to reach $1,227,330.24, which was detrimental given that UCMV averaged $400,000.00 in gross monthly revenue. Aff. of Liane Schubring at p. 2, ¶ 9. To alleviate the financial burden Intermedix's collection efforts had placed on UCMV, Intermedix extended a $75,000.00 loan to UCMV in December 2016. *Id*. This loan was repaid. *Id*. However, when the issue worsened, Intermedix offered to extend a second loan for $250,000.00. *Id*. This loan was secured by a Promissory Note and Security Agreement ("Note"). *Id*.

When UCMV realized that it could no longer resubmit the unpaid self-pay and third-party payer claims, it wrote Intermedix and attempted to open a dialogue on settlement. Aff. of Liane Schubring at p. 2, ¶ 10; Aff. of Paul Culpepper at p. 1, ¶ 5. UCMV then waited two weeks for a response to its letter before initiating this action … .

Doc. 4, at 3.

On June 27, 2019, UCMV sued Intermedix in the General Court of Justice, Superior Court Division, Catawba County, North Carolina. *See* Doc. 1-1 at 1, 3. In its Complaint, UCMV claims that Intermedix breached the parties' Agreement in numerous respects related to the filing and submission of third-party payer claims, monthly reporting and timely performance. *Id*. at 5, ¶¶ 25-26. Also, UCMV alleges that Intermedix failed to perform its duties under the Agreement in a "competent, reasonable, workman-like manner[.]" *Id*. at ¶ 27. On August 21, 2019, Intermedix timely removed UCMV's state court action to this Court on the basis of diversity jurisdiction. *See* Doc. 1.

The same day as its removal of this action, Intermedix initiated a separate lawsuit against UCMV in Broward County, Florida ("the Florida Action") for alleged non-payment of UCMV's Promissory Note. Doc. *See* Doc. 4 at 4. The Promissory Note allegedly contains a choice of law provision and consent to jurisdiction provision whereby UCMV agrees to resolve all disputes regarding the Promissory Note in state or federal court in North Carolina. *Id*. Further, UCMV

alleges that Intermedix has failed to make any effort to engage in "good faith" negotiations with UCMV to resolve the dispute under the Agreement. *Id*. at 4-5.

### III. DISCUSSION

In determining the merits of the motion before the Court, it is important to first be clear about what issues are and are not before this Court with respect to this action generally and the present motion in particular. The sole claim before the Court in this case is UCMV's claim for breach of contract against Intermedix. Whatever the alleged jurisdictional or procedural impropriety of the Florida Action might be, that is not before this Court, and this Court expresses no view on that other case. Similarly, while UCMV argues at length that Intermedix has failed to satisfy an alleged condition precedent to arbitration – an obligation to participate in good faith negotiations to resolve the dispute[1] – the Court may not and does not reach the merits of that claim because as a matter of law the issue of whether a party has complied with a condition precedent to arbitration is an issue of procedural arbitrability for an arbitrator, not the Court, to decide. *See Chorley Enters.*, 807 F.3d at 566. Accordingly, the lone issue presently before the Court is whether Defendant has established the existence of a valid arbitration clause that applies to this dispute and the other required elements of a motion to compel arbitration. As discussed below, the Court finds that Defendant has proven that this dispute must be arbitrated.

The "Arbitration Clause" in the Agreement requires that "… any controversy, disagreement or dispute arising out of, or relating to, this Agreement, or breach thereof, shall be submitted to arbitration before a single arbitrator …" The Fourth Circuit has given broad meaning to clauses providing for arbitration "arising out of and relating to" a contract. In *J.J. Ryan & Sons,*

---

[1] The Court notes that the parties have in this action been required to engage in good faith settlement discussions with respect to this dispute, which the parties have certified to the Court. See Doc. 11.

6

*Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 321 (4th Cir. 1988), the Fourth Circuit held that an arbitration clause providing that "all disputes arising in connection with the present contract" must be construed broadly, such that the clause "does not limit arbitration to the literal interpretation or performance of the contract," and that "[i]t embraces every dispute between the parties having a significant relationship to the contract regardless of the label attached to the dispute."

There is no question and UCMV does not dispute that its claims for breach of the Agreement fall within the scope of the Arbitration Clause. Indeed, in the context of its argument (discussed below) that the filing of the Florida Action constitutes a "waiver" of Intermedix's right to compel arbitration it admits that "these two disputes are clearly related to the parties' obligations under the [Agreement]." Doc. 4 at 10. Therefore, the Court finds that (i) the parties have entered into a valid agreement to arbitrate, and (ii) the dispute in question falls within the scope of the arbitration agreement. *Muriithi v. Shuttle Exp., Inc.,* 712 F.3d 173, 179 (4th Cir. 2013).[2]

Finally, UCMV contends that Intermedix has "defaulted" or waived its right to have this action decided by arbitration because it filed the Florida Action, which UCMV alleges is within the scope to the Agreement's arbitration clause. *See* 9 U.S.C. § 3 (2019) (a party may demand a stay of federal judicial proceedings pending exercise of a contractual right to have the subject matter of the federal action decided by arbitration, unless the party seeking arbitration is "in

---

[2] UCMV has not challenged the remaining element of a motion to compel arbitration, which is the relationship of the transaction to interstate or foreign commerce. Intermedix has alleged that it is a Delaware corporation and that the Agreement specifically contemplated that Intermedix, which was based in Florida, would provide billing services through the mail and via telephone to UCMV, which operates urgent care facilities in North Carolina, and that in doing so, Intermedix would send invoices to UCMV in North Carolina, following which UCMV would remit payment to Intermedix in Florida. *See* Doc. 1-1 at Ex A. ¶ 2. This showing is sufficient to satisfy this final "interstate commerce" element.

default" of that right). Although UCMV acknowledges that the circumstances giving rise to a waiver or statutory default are limited and, in light of the federal policy favoring arbitration, are not to be lightly inferred, *see Microstrategy, Inc. v. Lauricia,* 268 F.3d 244 (4th Cir. 2001)*; In re Mercury Construction Co.*, 656 F.2d 933, 939 (4th Cir. 1981), *aff'd*, 460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983), it argues that "a litigant may waive its right to invoke the Federal Arbitration Act by so substantially utilizing the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay," *citing Maxum Founds., Inc. v. Salus Corp.*, 779 F.2d 974, 981 (4th Cir. 1985).

While the Court questions the simultaneous filing of the Florida Action and the effort to compel arbitration, the Court is constrained by clear precedent to find that Intermedix's filing of the Florida Action does not waive its right to move to compel arbitration of this dispute. First, although the filing of the Florida Action may well be inconsistent with the Arbitration Clause in the Agreement, Intermedix's only use of the "litigation machinery" in this action has been to move to compel arbitration. Also, to the extent that UCMV believes that the Florida Action must be arbitrated or moved to North Carolina, it may seek to change the venue of the Florida Action[3] and compel arbitration in that matter so it will not be unfairly prejudiced if that other dispute is in fact subject to arbitration. And, as a final point, Intermedix's litigation strategy of filing the Florida Action could simply have been an aggressive response to UCMV's filing of this action (rather than submitting the dispute to arbitration). While the Court certainly does not mean to encourage (or offer any opinion on the wisdom of) such a strategy, the circumstances of the parties' respective

---

[3] The parties informed the Court at the hearing on this motion that Plaintiff has filed a motion challenging the Florida venue, but the motion has not yet been ruled upon.

litigation choices counsel against any finding that Intermedix has defaulted or committed a litigation waiver by filing the Florida Action.

Accordingly, the Court holds that the breach of contract claim asserted in this action is subject to arbitration pursuant to the parties' Agreement to arbitrate any dispute concerning an alleged breach of the Agreement. However, the Court will exercise its discretion to stay rather than dismiss this action in light of the pending Florida Action, which UCMV contends may involve a jurisdictional provision related to the North Carolina courts.

### IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT**:

1. Defendant's' Motion to Dismiss or in the Alternative to Stay (Doc. No. 3) is **GRANTED**;

2. This matter is stayed until further order of the Court pending arbitration of this dispute.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 4, 2020

Kenneth D. Bell
United States District Judge